WILLIAM H. PERRY *vs.* THE INHABITANTS OF SHERBORN.

A petition for a sheriff's jury to assess damages caused by discontinuing a town
 way cannot be amended at the hearing before the sheriff jury.
Such a petition should contain a particular description of the land of the petitioner
 and the situation of the same in relation to the town way alleged to have been
 discontinued, and also an allegation of the injury sustained by the petitioner.
At the hearing on such petition, it is competent for the town to show that the way
 which had been discontinued was not a legal town way.

PETITION under Rev. Sts. *c.* 24, for a jury to assess the
damages sustained by the discontinuance of certain town
ways mentioned in the petition, in the town of Sherborn.
The petition was in these words : " To the Honorable the
county commissioners of Middlesex county. William H.
Perry, of Sherborn, in said county, complaining, respectfully
represents that on the 26th day of June last, he was, and ever
since has been, the owner of certain land, with the buildings
thereon in said Sherborn ; that on said day, said town of
Sherborn discontinued the following town roads in said Sher-
born, to wit: the road called Hunting Lane, from near the
house of Sarah Wyeth, to the junction of the road near the
house of William H. Perry; also the road from the junction a
little west of the house of Thomas Fleming, over Brush Hill
to the corner near the residence of Otis H. Adams; that the

selectmen of said town though requested, have not awarded
your petitioner satisfactory damages therefor, whereby your
petitioner was and is aggrieved; wherefore he petitions your
honorable board that a jury may be summoned to determine
the matter of his complaint and the damages to which he is
entitled.    March 29th, 1853.    William H. Perry."

At the hearing before the jury empanelled to assess the
damages upon said petition, the petitioner moved to amend
his petition by inserting after the words " Otis H. Adams," in
said petition, the words " upon which roads the lands aforesaid
of your petitioner abutted," and after the word " aggrieved "
the words " and the lands aforesaid diminished in value, and
the property of your petitioner therein aforesaid damnified."
These amendments were not allowed by the sheriff.    The
respondents filed the following objections to any hearing upon
the question of damages; " 1. Because there has been no suffi-
cient evidence to prove the existence of any town ways which
have been discontinued by the town of Sherborn.    2.  Because
the petitioner has failed to prove that the selectmen have
refused to award damages, and it is not alleged that the
selectmen have refused or unnecessarily delayed to pass upon
the petitioner's claim for damages.    3.  Because the petitioner
sets forth no legal claim for damages, or no legal cause why a
jury should be ordered.    4.  Because no sufficient description
is given of the petitioner's property, for the injury to which
damages are claimed, and no description is given of the
causes of the damage claimed, or of the manner in which the
discontinuance of the ways described in the petition have
damaged the petitioner.    5.  Because it is not alleged that the
town ways discontinued at any point, touch or are adjacent to
any of the lands of the petitioner.  6. Because it is not alleged
by the petitioner that the discontinuance of the town ways
had ever injured the property of the petitioner."    All of which
objections were overruled by the presiding officer.

At the hearing aforesaid, the petitioner having put in to the
case a vote of the respondent town discontinuing the ways in
question as town ways, offered no other evidence to prove the
ways in question to be town ways.    The respondents then

33 *

offered to prove that there was no record of the laying out of any such ways by said inhabitants. The sheriff rejected the evidence and ruled that the question whether it was a town way or not was not open on this hearing, the county commissioners having passed upon it. The petitioner offered no evidence to show that the selectmen of the said town of Sherborn had been requested to assess his damages. The respondents offered to prove that the application of said petitioner to said selectmen had not been passed upon by them when the petition was presented to the county commissioners. The sheriff rejected the evidence as not open to the respondents in this stage of the cause. To all which rulings the respondents excepted, and in the court of common pleas, where the verdict for the petitioner was returned, they moved to set aside the same. The presiding judge sustained the motion, and the petitioner appealed to this court.

*G. Griggs*, for the petitioner.

*J. G. Abbott*, for the respondents.

DEWEY, J. The amendment to the complaint proposed to be filed at the hearing before the jury, was properly refused by the sheriff. The case was to be tried upon the complaint upon which the warrant had issued for a jury. As to this, the objections to the acceptance of the verdict arising from the insufficiency of the complaint, are in our opinion well taken. The petitioner has not presented a case in which he shows any such legal interest affected by the discontinuance of a way as entitles him to damages. The petition should have contained a more particular description of the land of the petitioner, and the situation of the same in relation to the town ways alleged to have been discontinued, and there should also have been an allegation of injury to his property, sustained by the petitioner by reason of such discontinuance of the ways. The petition for a jury being defective in these respects, this objection would be sufficient to prevent entering a judgment upon this verdict in favor of the petitioner.

The further question is one as to the right of the respondents to raise the objection at the hearing before the jury, that there was no discontinuance of any legally established town

ways. The sheriff ruled that the question whether there was a town way or not, was not open at the hearing before the jury. This, we think, was erroneous. The validity of the proceedings of selectmen in reporting, and the town in accepting town ways, or the act of the town in discontinuing a town way, is open to inquiry in any case where the legality of such pro-ceedings is a material subject in controversy. A *certiorari* does not lie to this court to quash the proceedings in such cases for informality, or irregularity, as it does in the case of proceedings before county commissioners. The records of the latter, as to the laying out of a road, are conclusive and bind-ing upon all concerned, until thus reversed. But a distinction in this respect as to town ways, has been long since taken and uniformly adhered to. Their validity may be impeached wherever the claim of the one party, or the defence of the other, involves the fact of the existence of such town ways.

In the present case, the petitioner can establish no claim for damages unless he first shows that there has been a town way discontinued. This is to be shown to the jury under the in-structions of the sheriff as to what is necessary to establish these facts. If his ruling is wrong on that point, the party aggrieved may reserve all questions of law arising thereon for the court, to which the verdict is returnable, and by appeal or exceptions also revise the same in this court. In this way the legal rights of all parties will be secured.

*Verdict set aside.*